# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

PERRY B. DIXON,                          :
                                         :
        Plaintiff,                       :
                                         :   CIVIL NO:7:04CV45(HL)
vs.                                      :
                                         :
                                         :
DONALD BARROWS, et al.                   :
                                         :
                                         :
        Defendants.                      :
_____

## ORDER

     Plaintiff **PERRY DIXON**, filed the above captioned pro se civil rights complaint under 42 U.S.C. § 1983.  He also sought and was granted leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

     However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee.  28 U.S.C. § 1915(b)(1).  Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the filing fee.  The agency having custody of plaintiff shall forward said payments from plaintiff's account to the Clerk of this court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).  The Clerk of court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. STANDARD OF REVIEW*

The court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989).

In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

In any § 1983 action, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present.  First, plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he told Warden Donald Barrows that he did not care to be at Valdosta State Prison. Plaintiff states that he asked Warden Barrows what he would have to do to leave. According to plaintiff, Warden Barrows responded saying that plaintiff had to go six months without a disciplinary report. Plaintiff said that Warden Barrows told him to speak with his counselor about their "agreement."

Notwithstanding any agreement that may have been made between plaintiff and defendant Barrows an inmate has no constitutional right to transfer from one facility to another or to remain at the institution where he is presently confined. ***Meachum v. Fano***, 427 U.S. 215 (1976). A prisoner has no right to be incarcerated in an institution of his own choosing. ***Adams v. James***, 784 F.2d 1077 (11th Cir. 1986).

Thus, the allegations regarding plaintiff's transfer or lack there of fail to state a claim on which relief may be granted. Thus, the within complaint is **DISMISSED** in accordance with 28 U.S.C. § 1915.

**SO ORDERED**, this 21st day of April, 2005.

s/ Hugh Lawson
**HUGH LAWSON, JUDGE**

mh                                     3